1

2

3

4

5

6

7

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13   THE MICHEL FAMILY TRUST,          )      Case No.: C-09-04144 PSG
                                        )
14              Plaintiff,              )      **ORDER RE DEFENDANT**
       v.                               )      **TRAVELERS INDEMNITY**
15                                      )      **COMPANY OF CONNECTICUT'S**
     TRAVELERS INDEMNITY COMPANY )             **MOTIONS *IN LIMINE*; FURTHER**
16   OF CONNECTICUT, ET AL.,            )      **SCHEDULING ORDER**
                                        )
17              Defendants.             )      (**Docket Nos. 75, 76**)
     _____)

18

19       Defendant Travelers Indemnity Company of Connecticut ("Travelers") moves *in limine*:

20   (1) to preclude evidence regarding cost to repair fire damage; and (2) to preclude use of

21   undisclosed documents. Plaintiff The Michel Family Trust (the "Family Trust") opposes the first

22   motion only. On July 12, 2011, the parties appeared for hearing on these and other matters at the

23   final pretrial conference. Having reviewed the papers and considered the arguments of counsel,

24       IT IS HEREBY ORDERED that Traveler's motion *in limine* to preclude evidence

25   regarding cost to repair fire damage is DENIED.

26       Travelers first moves to preclude the Family Trust from introducing testimony and other

27   evidence, including documents, regarding (1) the scope of damage to the property purportedly

28   caused by the fire; (2) what construction is necessary to repair damage to the property

     purportedly caused by the fire; (3) what those repairs would cost, including any estimate or bids;

                              ORDER, *page 1*

1   and (4) architectural, design or engineering plans that purportedly reflect fire-related repairs.

2   Travelers justifies this demand by arguing that these issues all require expert testimony pursuant

3   to Fed. R. Evid. 702 and noting that the Family Trust provided no expert disclosures, as required

4   by Fed. R. Civ. P. 26(a)(2), for three key witnesses:  Gabriel Michel, Ron Rodriguez and Mark

5   Alessio.

6        Travelers is correct that Rule 26(a)(2) bars Rule 702 expert testimony unless disclosed in

7   advance of trial, and the Family Trust readily concedes that it has not tendered any such

8   disclosure.  But Travelers' argument in favor of preclusion presupposes that the testimony and

9   documents at issue requires scientific, technical or other specialized knowledge that passes

10  muster under Rule 702.  The fact is that non-expert, lay opinion testimony on these and other

11  issues is expressly permitted under the rubric of Fed. R. Evid. 701.  To be sure, Rule 701 lay

12  opinion testimony is limited to opinions and inferences that are (a) rationally based on the

13  perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the

14  determination of a fact in issue, and (c) not based on scientific, technical, or other specialized

15  knowledge within the scope of Rule 702.  But so long as these foundational requirements are met

16  and adhered to, there is no authority upon which to preclude witness such as Michel, Rodriguez

17  and Alessio from providing their opinions and inferences as part of their testimony.

18       At this point, Travelers has failed to demonstrate to the court that any of these witnesses

19  are incapable of meeting the foundational requirements.  As a result, Travelers' motion must be

20  denied.  But both parties should understand that if the Family Trust fails to lay this foundation in

21  advance of any opinion or inference testimony from Michel, Rodriguez and Alessio, or strays

22  from testimony that is based on the perception of the witness, the court will not hesitate to

23  entertain a renewed motion or separate motion to strike during trial.  In any event, in response to

24  any opinion or inference testimony from these or any other witnesses, Travelers will have at its

25  disposal the opportunity to present vigorous cross-examination and its own affirmative evidence

26  on each of the witness shortcomings it has alleged, including:  their failure to observe any actual

27  damage caused by the fire immediately afterwards, how their proposed bids for construction at

28  the property were based on construction drawings provided by Michel and may exceed the scope

1  of actual damage caused by the fire, and their lack of any specialized knowledge regarding

2  construction.

3          IT IS FURTHER ORDERED that Travelers' motion to preclude use of undisclosed

4  documents is GRANTED.

5          Travelers next moves to preclude the use of any documents that the Family Trust either

6  failed to timely produce or failed to produce whatsoever. These documents include the following:

7          1.      Rent loss spreadsheets for 1097 W. San Carlos from August 2004 to July 201 1.

8          2.      Rent loss spreadsheet for 1099 W. San Carlos from August 2004 to July 201 1.

9          3.      Documents bearing Bates-stamped numbers MFT2047, MFT2059, MFT2063,

10  MFT 2066, MFT2068, FT2076-2077, MFT2086-2087, MFT2096, MFT2099, MFT2111,

11  MFT2136-2137, MFT2139, MFT2141-2143, MFT2145, MFT2147-2148, MFT2150,

12  MFT2152-2154, MFT2156-2157, MFT2159-2160, MFT2163,

13  MFT2165, MFT2174-2182.

14          The Family Trust does not oppose this motion and has failed to explain why the

15  documents were never produced either in response to the document requests or pursuant to

16  Fed. R. Civ. P. 26(e).  Under Fed. R. Civ. P.  37(c), if a party fails to provide information as

17  required by Rule 26(a) or (e), that party is not allowed to use that information at trial unless the

18  failure was substantially justified or was harmless. Because the Family Trust did not produce the

19  above documents and has not shown that its failure was substantially justified or was harmless, it

20  should not be able to use those documents at trial.

21          IT IS FURTHER ORDERED that the schedule for trial is as follows:

22          1.      Jury selection shall commence on October 3, 2011;

23          2.      Opening statements will immediately follow jury selection;

24

25          3.      Opening statements and closing arguments are each limited to 45 minutes per party;

26          4.      A total of 20 hours of trial time is allotted for both parties, with each party having 10 hours of trial time (exclusive of any time allotted for jury selection, and

27  opening statements and closing arguments);

28          5.      Trial will commence each morning at 9AM and conclude at 4PM.  There will be two 15-minute breaks (each at 10:30AM and 2:30PM) and a one-hour lunch break

1          from 12PM-1PM.

2     6.        No trial will be held on Friday, October 7, 2011.

3     **IT IS SO ORDERED**.

4
Dated:    July 26, 2011

5

6     _Paul S. Grewal_
      PAUL S. GREWAL
7     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER, *page 4*